**CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED**

06/25/2025

**LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

UNITED STATES OF AMERICA and
THE COMMONWEALTH OF
VIRGINIA, SECRETARY OF
NATURAL AND HISTORIC
RESOURCES,

        Plaintiffs,

    v.

FMC CORPORATION,

        Defendant.

CIVIL ACTION NO. 5:24-cv-00108-MFU-JCH

**CONSENT DECREE**

# TABLE OF CONTENTS

I.      BACKGROUND ........................................................................................- 1 -

II.     JURISDICTION AND VENUE ................................................................- 4 -

III.    PARTIES BOUND ...................................................................................- 5 -

IV.     DEFINITIONS ..........................................................................................- 5 -

V.      STATEMENT OF PURPOSE ...................................................................- 8 -

VI.     PAYMENTS OF NATURAL RESOURCE DAMAGES .............................- 9 -

VII.    FAILURE TO COMPLY WITH CONSENT DECREE ............................- 12 -

VIII.   COVENANTS BY PLAINTIFFS ...............................................................- 15 -

IX.     RESERVATIONS OF RIGHTS BY THE UNITED STATES AND THE
        COMMONWEATLH OF VIRGINIA .........................................................- 17 -

X.      COVENANTS NOT TO SUE BY FMC AND SETTLING FEDERAL AGENCIES.- 20 -

XI.     EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION ..............- 21 -

XII.    RETENTION OF RECORDS ...................................................................- 23 -

XIII.   NOTICES AND SUBMISSIONS ..............................................................- 24 -

XIV.    EFFECTIVE DATE ..................................................................................- 26 -

XV.     RETENTION OF JURISDICTION ...........................................................- 27 -

XVI.    INTEGRATION ........................................................................................- 27 -

XVII.   MODIFICATION .......................................................................................- 27 -

XVIII.  TERMINATION ........................................................................................- 27 -

XIX.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ................- 28 -

XX.     SIGNATORIES/SERVICE ........................................................................- 28 -

XXI.    FINAL JUDGMENT .................................................................................- 29 -

## I.    BACKGROUND

A.    The United States of America ("United States"), on behalf of the United States Department of the Interior ("DOI"), through the Fish and Wildlife Service, and the Commonwealth of Virginia, acting through its Secretary of Natural and Historic Resources ("Virginia" or the "Commonwealth"), (collectively, "Plaintiffs"), have filed a Complaint in this action against the defendant FMC Corporation ("FMC") pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9601-9675,  the Virginia State Water Control Law ("VSWCL"), Va. Code §§ 62.1-44.5 and 62.1-44.32, and the Virginia Waste Management Act ("VAWMA"), Va. Code §§ 10.1-1400, et seq., for the recovery of Natural Resource Damages allegedly resulting from the release of hazardous substances at and from the Avtex Fibers Inc. Superfund Site in Front Royal, Virginia (the "Site").

B.    The Site encompasses a 440-acre property and the downstream areas where hazardous substances from the property have come to be located.  It is situated in the town of Front Royal, Virginia, on the eastern shore of the South Fork Shenandoah River ("SFSR"), approximately two-and-a-half river miles upstream of the mainstem Shenandoah River ("SR"), formed by the confluence of the SFSR and the North Fork Shenandoah River ("NFSR").  A fibers production facility (the "Fibers Plant") operated at the Site from approximately 1940 until 1989, producing rayon, polyester, and other fiber products.  The Fibers Plant used zinc and carbon disulfide in the rayon manufacturing process and polychlorinated biphenyls ("PCBs") in its operations.

C.      The Complaint alleges that FMC is a former owner and operator of the Fibers
Plant from approximately 1963 to 1976 and that there were releases and disposals of certain
hazardous substances at and from the Fibers Plant and into the surrounding environment,
including the SFSR and SR, during FMC's period of ownership and operation. The Complaint
alleges that the Fibers Plant is a "facility" pursuant to CERCLA.

D.      The Complaint alleges that FMC is a responsible or liable party under CERCLA,
the VSWCL, and the VWMA for damages for injury to, destruction of, or loss of Natural
Resources (as defined below), including the reasonable costs of assessing such injury,
destruction, or loss, resulting from the release and threatened release of hazardous substances at
or from the Site.

E.      This Consent Decree addresses the claims asserted in the Complaint against FMC
for Natural Resource Damages.

F.      DOI and Virginia (collectively, the "Trustees" and, individually, a "Trustee"),
pursuant to Executive Order 12580 and the National Contingency Plan, 40 C.F.R. Part 300,
subpart G, serve as trustees for Natural Resources for the assessment and recovery of damages
for the injury to, destruction of, or loss of Natural Resources under their trusteeship. The
Trustees have formed a Trustee Council to coordinate Natural Resource Damage assessment and
restoration activities relating to the Site.

G.      The Trustees have undertaken various Natural Resource Damage assessment
activities at the Site. The Trustees found that: hazardous substances, including zinc, carbon
disulfide, and PCBs, have been released into the environment at and from the Site; benthic
invertebrates, fish, mammals, and birds have likely been injured and continue to be injured by

- 2 -

exposure to the hazardous substances released at and from the Site; and already-implemented CERCLA response actions do not adequately address the Natural Resource Damages.

H.    Based upon information developed and analyzed by the Trustees, the damage assessment activities, regulatory standards, and scientific literature, the Trustees evaluated the injury to Natural Resources and their services alleged to have occurred as a result of exposure to high concentrations of zinc in surface water and sediment, PCBs in sediment, and carbon disulfide in groundwater. The Trustees have also reviewed data from the CERCLA response efforts at the Site and other prior studies in the watershed to assess injuries to Natural Resources located at the Fibers Plant and downstream of the Fibers Plant where the hazardous substances came to be located.

I.    The Trustees relied on an ecological service model to support their determinations of the type and magnitude of restoration efforts required to restore the injured Natural Resources and their services.

J.    Based on this information, the United States, Virginia, the Settling Federal Agencies (as defined below), and FMC (collectively, the "Parties") agree that no further Natural Resource Damage assessment activities are required to effectuate the purposes of this Consent Decree. Although Plaintiffs have not completed a full Natural Resource Damage assessment for the Site, Plaintiffs have developed and analyzed information sufficient to support a settlement that is fair, reasonable, and in the public interest.

K.    FMC and the Commonwealth allege that each of the Settling Federal Agencies is a responsible party pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and is liable for Natural Resource Damages at the Site.

L.      By entry into this Consent Decree, FMC does not admit the allegations in the

Complaint and does not admit any liability arising out of the transactions or occurrences alleged

in the Complaint.  The Settling Federal Agencies do not admit any liability arising out of the

transactions or occurrences alleged in any counterclaim asserted by (or that could be asserted by)

FMC.

M.      Plaintiffs and FMC agree, and this Court by entering this Consent Decree finds,

that: this Consent Decree has been negotiated by the Parties in good faith; settlement of this

matter without further litigation and without the admission or adjudication of any issue of fact or

law is appropriate and will avoid prolonged and complicated litigation among the Parties; and

this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED:

## II.     JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to

Sections 107(f) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(f) and 9613(b), and 28 U.S.C.

§§ 1331, 1345, and 1367(a).  The Court has personal jurisdiction over FMC.  Venue lies in the

U.S. District Court for the Western District of Virginia, Harrisonburg Division, pursuant to

Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1391(b) and (c) and W.D.

Va. Gen. R. 2.  Solely for the purposes of this Consent Decree and the underlying Complaint,

FMC waives all objections and defenses that it may have to jurisdiction of the Court or to venue

in this District.  FMC shall not challenge the entry or terms of this Consent Decree or this

Court's jurisdiction to enter and enforce this Consent Decree.

### III.    PARTIES BOUND

2.    This Consent Decree is binding upon the United States and the Commonwealth (as defined below), and upon FMC and its successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of FMC under this Consent Decree.

### IV.    DEFINITIONS

3.    Unless otherwise expressly provided, terms used in this Consent Decree that are defined in CERCLA, or in regulations promulgated under CERCLA, shall have the meanings assigned to them in such law or regulations.

4.    Whenever the terms listed below are used in this Consent Decree or in any attached appendix, the following definitions shall apply:

a.    "CERCLA" means the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9601-9675.

b.    "Commonwealth" means the Commonwealth of Virginia together with all departments, agencies, and instrumentalities thereof.

c.    "Consent Decree" or "Decree" means this Consent Decree and all attached appendices. In the event of a conflict between this Consent Decree and any appendix, the Consent Decree will control.

d.    "CWA" means the Clean Water Act, 33 U.S.C. §§ 1251-1388.

e.    "Day" or "day" means a calendar day. In computing any period under this Decree, the day of the event that triggers the period is not counted and, where the last day is not a working day, the period runs until the close of business of the next working day.

- 5 -

"Working day" means any day other than a Saturday, Sunday, or federal or Commonwealth holiday.

f.      "DOI" means the United States Department of the Interior and any successor departments, agencies, or instrumentalities.

g.      "DOJ" means the United States Department of Justice and its successor departments, agencies, or instrumentalities.

h.      "Effective Date" means the date upon which the approval of this Consent Decree is recorded on the Court's docket.

i.      "EPA" means the United States Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

j.      "Federal Trustee" means DOI, through the United States Fish and Wildlife Service.

k.      "FMC" means FMC Corporation and its successors.

l.      "Interest" means interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund, as provided under Section 107(a) of CERCLA, compounded annually on October 1 of each year. The applicable rate of interest will be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. As of the date of lodging of this Decree, rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

m.      "Natural Resource" or "Natural Resources" means land, fish, wildlife, biota, air, water, ground water, drinking water supplies, and other such resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States and/or the Commonwealth.

- 6 -

n.    "Natural Resource Damages" or "NRD" (individually, "Natural Resource Damage") means any damages recoverable by the United States or the Commonwealth on behalf of the public for injury to, destruction of, loss of, loss of use of, or impairment of Natural Resources as a result of the release of hazardous substances, including PCBs, metals (including zinc), and carbon disulfide, at or from the Site, including, but not limited to: (i) the reasonable costs of assessing injury to, destruction of, loss of, or impairment to Natural Resources arising from or relating to the releases of hazardous substances; (ii) the costs of restoration, rehabilitation, or replacement of injured or lost Natural Resources or of acquisition of equivalent resources and/or their services; (iii) the costs of planning, overseeing, and monitoring such restoration activities; (iv) any other compensation for injury, destruction, loss, loss of use, or impairment of Natural Resources; and (v) each of the categories of recoverable damages described in 43 C.F.R. § 11.15.

o.    "NRDAR Fund" means the DOI Natural Resource Damage Assessment and Restoration Fund established pursuant to 43 U.S.C. §§ 1474b and 1474b-1.

p.    "Paragraph" means a portion of this Consent Decree identified by an Arabic numeral or an upper case or lower-case letter.

q.    "Parties" means the United States (including the Settling Federal Agencies), the Commonwealth, and FMC.

r.    "Plaintiffs" means the United States and the Commonwealth.

s.    "RIM Costs" means the Natural Resource restoration planning, implementation, and monitoring costs incurred by the Trustees in connection with programming the restoration to address Natural Resources and their services injured by

- 7 -

the release of hazardous substances.

t.       "Section" means a portion of this Consent Decree identified by a Roman numeral.

u.       "Settling Federal Agencies" means the United States Department of Defense acting by and through the United States Air Force; the United States Department of Commerce; the National Aeronautics and Space Administration; and the General Services Administration and their successor departments, agencies, or instrumentalities. The United States Department of Defense means the United States Department of Defense as described in 10 U.S.C. § 111.

v.       "Site" means the Avtex Fibers Inc. Superfund Site, encompassing an approximately 440-acre former location of the Fibers Plant and areas downstream in the SFSR and SR where hazardous substances associated with the former Fibers Plant have come to be located, as generally shown on the map included in Appendix A.

w.       "State Trustee" means the Commonwealth, acting through its Secretary of Natural and Historic Resources.

x.       "Trustees" means collectively, the Federal and State Trustees.

y.       "United States" means the United States of America and each department, agency, and instrumentality of the United States, including DOI, DOJ, and the Settling Federal Agencies.

## V.   STATEMENT OF PURPOSE

5.       The mutual objectives of the Parties in entering into this Consent Decree are to: (i) contribute to the restoration, replacement, rehabilitation, or acquisition of the equivalent of the Natural Resources allegedly injured, destroyed, or lost as a result of the release of hazardous

- 8 -

substances at or from the Site; (ii) fund the Trustees' future Natural Resource RIM costs;

(iii) reimburse Natural Resource Damage assessment costs incurred by the Trustees; (iv) resolve

FMC's potential liability to the United States and the Commonwealth and the Settling Federal

Agencies' potential liability to the Commonwealth for Natural Resource Damages as provided

herein; (v) resolve FMC's potential contribution claim against the Settling Federal Agencies; and

(vi) avoid potentially costly and time-consuming litigation.

6.      The Parties recognize that a final restoration plan will be adopted, following a

public notice and comment process, once the Trustees have received the settlement funds

pursuant to Paragraph 7.

## VI.    PAYMENTS OF NATURAL RESOURCE DAMAGES

7.      <u>FMC Payments</u>:  Within 30 days after the Effective Date, FMC shall pay the sum

of $1,674,361 for Natural Resource Damages to the Trustees as follows:

a.      <u>Restoration Costs</u>.  FMC shall pay a total of $426,710 to the United States

as a joint recovery of Natural Resource Damages on behalf of the Federal Trustee and the

State Trustee as provided in this Paragraph.  The total amount paid shall be deposited into

a segregated, case-specific sub-account within the NRDAR Fund to be managed for the

joint benefit and use of the Federal Trustee and the State Trustee for restoration,

replacement, rehabilitation, and/or acquisition of the equivalent of Natural Resources and

their services injured by the release of hazardous substances.  Funds within this

segregated, case-specific sub-account within the NRDAR Fund may be commingled.

b.      <u>Trustees' RIM Costs.</u>  FMC shall pay a total of $521,900 as a joint

recovery on behalf of the Federal Trustee and the State Trustee for the Trustees' future

RIM Costs estimated to be incurred after the lodging of this Consent Decree.  The total

amount paid shall be deposited in a segregated, case-specific sub-account within the
NRDAR Fund, to be managed for the joint benefit and use of the Federal Trustee and the
State Trustee and applied toward RIM Costs incurred by DOI and the Commonwealth.

   c.   DOI's Past Assessment Costs.  FMC shall pay to the United States, as
reimbursement for past assessment costs incurred by DOI the sum of $444,609.32. Subject
to the deduction required by the 1994 CJS Appropriations Act, the total amount paid by
FMC pursuant to this Paragraph shall be deposited in the NRDAR Fund to be applied
toward NRD assessment costs incurred by DOI.

   d.   Virginia's Groundwater Claim Costs.  FMC shall pay $275,751.00 to the
Commonwealth of Virginia for restoration, replacement, rehabilitation, and/or acquisition
of the equivalent of Natural Resources and their services injured by the release of
hazardous substances, as relates to groundwater.

   e.   Virginia's Past Assessment Costs.  FMC shall pay to the Commonwealth
of Virginia, as compensation for past Natural Resource Damage assessment costs
incurred by the Commonwealth, the sum of $5,390.68.

8.   Payment Instructions:

   a.   Payments to the United States.  FMC shall pay the amounts due to the
United States (including restoration funds and RIM Costs) and to be deposited into the
NRDAR Fund by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of
Justice account, in accordance with written instructions provided to FMC by the
Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Western
District of Virginia after the Effective Date.  The payment instructions provided by the
FLU will include a Consolidated Debt Collection System ("CDCS") number, which FMC

- 10 -

shall use to identify all payments required to be made in accordance with this Consent

Decree. The FLU will provide payment instructions to:

Douglas Groux
FMC Tower at Cira Centre South
2929 Walnut Street
Philadelphia, PA 19104
(215) 299-6802
Douglas.Groux@fmc.com

FMC may change the individual to receive payment instructions on its behalf by

providing written notice of such change to the United States in accordance with Section

XIII (Notices).

      b.    <u>Payments to the Commonwealth of Virginia</u>. FMC shall make payments

to the Commonwealth under this Consent Decree by EFT to the Commonwealth of

Virginia, Department of Environmental Quality, in accordance with current written EFT

procedures and instructions provided to FMC following lodging of the Consent Decree.

      c.    <u>Notice of Payment</u>. Upon making any payment, FMC shall send notice to

the United States and the Commonwealth in accordance with Section XIII (Notices and

Submissions) that payment has been made. Such notice shall reference the civil action

number, CDCS number, and DOJ case number 90-11-3-10912.

    9.    <u>Payment by the Settling Federal Agencies.</u> As soon as reasonably practicable

after the Effective Date, the United States, on behalf of the Settling Federal Agencies, shall make

payment as follows:

      a.    <u>Payment to NRDAR Fund</u>. The total amount to be paid on behalf of the

Settling Federal Agencies, $2,496,305.00, shall be deposited in the segregated, case-

specific sub-account within the NRDAR Fund established for FMC's payment pursuant

to Paragraph 7.a to be managed jointly by the Trustees for restoration, replacement, rehabilitation, and/or acquisition of the equivalent of Natural Resources and their services injured by the release of hazardous substances. Funds within this segregated, case-specific sub-account within the NRDAR Fund may be commingled.

     b.    Interest. In the event that any payment required by this Paragraph is not made within 120 days after the Effective Date, the United States on behalf of Settling Federal Agencies shall pay Interest on the unpaid balance at the rate established pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), with such Interest commencing on the 121st day after the Effective Date and accruing through the date of the payment.

     c.    Payment Obligations. The Parties to this Consent Decree recognize and acknowledge that the payment obligations of the Settling Federal Agencies under this Consent Decree can only be paid from appropriated funds legally available for such purpose. Nothing in this Consent Decree shall be interpreted or construed as a commitment or requirement that Settling Federal Agencies obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

10.    As to the allocation of payments between FMC and the Settling Federal Agencies, it is understood by all Parties that these amounts were negotiated between only FMC and the Settling Federal Agencies.

## VII.    FAILURE TO COMPLY WITH CONSENT DECREE

11.    Interest. If FMC fails to make any payment required by Paragraph 7 by the required due date, Interest shall be assessed on the unpaid balance. Interest will continue to accrue on the unpaid balance through the date of payment. Any Interest payments under this

Paragraph shall be paid in the same manner as the overdue principal amount and shall be directed to the same account as the overdue principal amount.

12.    Stipulated Penalties.  In addition to the Interest required to be paid under the preceding Paragraph, if any payment required by Paragraph 7 is not made when due, FMC shall also pay the following stipulated penalties per day for each day that the payment is late through the date of full payment.

| Period of Noncompliance | Penalty Per Violation Per Day |
| --- | --- |
| 1st through 14th day | $500 |
| 15th day and beyond | $1000 |

a.    Stipulated penalties are due and payable to the United States and the Commonwealth within 30 Days of the date of the demand for payment of the penalties by the Trustee or Trustees, in accordance with Paragraph 13. Stipulated penalty payments to the United States shall be payable to the United States Treasury in accordance with the procedures described in Paragraph 8.a. above. Stipulated penalty payments to the Commonwealth shall be made in accordance with the procedures described in Paragraph 8.b. above.  Confirmation notices shall be sent as required by Paragraph 8.c, except that the transmittal letter shall indicate that the payments are for stipulated penalties and shall state for which violation(s) of this Consent Decree the penalties are being paid. The Trustee making a demand for payment of a stipulated penalty shall simultaneously send a copy of the demand to the other Trustee.

b.    Stipulated penalties shall accrue as provided in this Section regardless of whether the Trustees have notified FMC of the violation or made a demand for payment, but the stipulated penalties need only be paid upon demand.

- 13 -

    c.    Nothing in the Consent Decree prevents the simultaneous accrual of separate stipulated penalties for separate violations of this Consent Decree.

    d.    If FMC fails to pay stipulated penalties when due, FMC shall pay Interest on the unpaid stipulated penalties, accruing as of the date payment became due. Nothing in this Paragraph shall be construed to limit the United States or the Commonwealth from seeking any remedy otherwise provided by law for FMC's failure to pay any stipulated penalties.

    e.    Any Interest payments under this Paragraph 12 shall be paid in the same manner as the overdue principal amount and shall be directed to the same account as the overdue principal amount.

    f.    If any Plaintiff brings an action to enforce this Consent Decree against FMC, FMC will reimburse Plaintiff(s) for the reasonable costs of such action, including but not limited to attorney time.

13.    Instructions for Stipulated Penalty Payments.

    a.    Except as provided in Paragraph 13.b, FMC shall pay 50% of the total stipulated penalty amount due for any violation of this Consent Decree to the United States and 50% to the Commonwealth.

    b.    FMC shall pay all stipulated penalties demanded by the United States for violations of Paragraphs 7.b (Trustees' RIM Costs) and 7.c (DOI's Past Assessment Costs) to the United States, and all stipulated penalties demanded by the Commonwealth of Virginia for violations of Paragraph 7.d (Virginia's Groundwater Claim Costs) and Paragraph 7.e (Virginia's Past Assessment Costs) to the Commonwealth.

14.    Non-Exclusivity of Remedy. Nothing in this Consent Decree shall be construed
as prohibiting, altering, or in any way limiting the ability of Plaintiffs to seek any other remedies
or sanctions available by virtue of FMC's violation of this Consent Decree or of the statutes and
regulations upon which it is based, including, but not limited to, penalties pursuant to Section
122(l) of CERCLA, 42 U.S.C. § 9622(l), provided, however, that Plaintiffs shall not seek civil
penalties pursuant to Section 122(l) of CERCLA for any violation for which a stipulated penalty
is provided in this Consent Decree, except in the case of a willful violation of this Consent
Decree.

15.    Notwithstanding any other provision of this Section, either Plaintiff may, in its
unreviewable discretion, waive payment of any portion of the stipulated penalties otherwise due
it under this Consent Decree. For stipulated penalties accruing for violations of Paragraph 7, the
Plaintiff to whom payment is owed may, in its unreviewable discretion, waive payment of any
portion of those stipulated penalties that have accrued pursuant to Paragraph 12.

## VIII.    COVENANTS BY PLAINTIFFS

16.    Covenants for FMC by the United States. Except as specifically provided in
Section IX (Reservations of Rights by the United States and the Commonwealth of Virginia)
below, the United States covenants not to sue or to take administrative action against FMC for
Natural Resource Damages known or reasonably ascertainable as of the date of lodging of this
Consent Decree with the Court pursuant to Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), or
Section 311(f)(4)&(5) of the CWA, 33 U.S.C. § 1321(f)(4)&(5). This covenant not to sue will
take effect upon receipt of FMC's payment pursuant to Section VI (Payments of Natural
Resource Damages) together with any Interest and stipulated penalties due thereon under Section
VII (Failure to Make Timely Payment for FMC). This covenant not to sue is conditioned upon

- 15 -

the satisfactory performance by FMC of its obligations under this Consent Decree. This covenant not to sue extends only to FMC and does not extend to any other person.

17. Covenants for FMC by the Commonwealth of Virginia. Except as specifically provided by Section IX (Reservations of Rights by the United States and the Commonwealth of Virginia), the Commonwealth covenants not to sue or to take administrative action against FMC for Natural Resource Damages known or reasonably ascertainable as of the date of lodging of this Consent Decree with the Court pursuant to CERCLA Section 107, 42 U.S.C. § 9607, Section 311(f)(4)&(5) of the CWA, 33 U.S.C. § 1321(f)(4)&(5), the VSWCL, the VWMA, or common law. This covenant not to sue shall take effect upon receipt of FMC's payment pursuant to Section VI (Payments of Natural Resource Damages), Paragraph 7, together with any Interest and stipulated penalties due thereon under Section VII (Failure to Make Timely Payment for FMC). This covenant not to sue is conditioned upon the satisfactory performance by FMC of its obligations under this Consent Decree. This covenant not to sue extends only to FMC and does not extend to any other person.

18. Covenants for the Settling Federal Agencies

a. Covenants for the Settling Federal Agencies by the Commonwealth of Virginia. In consideration of the payment that will be made by the United States to the Trustees, on behalf of the Settling Federal Agencies under the terms of the Consent Decree, and except as specifically provided in Section IX (Reservation of Rights by the United States and the Commonwealth of Virginia), the Commonwealth covenants not to sue or to take administrative action against the Settling Federal Agencies for Natural Resource Damages known as of the date of lodging of this Consent Decree with the Court pursuant to CERCLA Section 107, 42 U.S.C. § 9607, the CWA Section

- 16 -

311(f)(4)&(5), 33 U.S.C. § 1321(f)(4)&(5), the VSWCL, or the VWMA. This covenant
not to sue shall take effect upon receipt of the Settling Federal Agencies' payment
pursuant to Section VI (Payments of Natural Resource Damages), Paragraph 9. This
covenant not to sue is conditioned upon the satisfactory performance by the Settling
Federal Agencies of their obligations under this Consent Decree. This covenant not to
sue extends only to the Settling Federal Agencies and does not extend to any other
person.

        b.      <u>Covenants for the Settling Federal Agencies by Federal Trustee.</u> Except
as specifically provided in Section IX (Reservation of Rights by the United States and
the Commonwealth of Virginia), the Federal Trustee covenants not to bring
administrative action against the Settling Federal Agencies for Natural Resource
Damages known as of the date of lodging of this Consent Decree with the Court
pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), or Section 311(f)(4)&(5)
of the CWA, 33 U.S.C. § 1321(f)(4)&(5). This covenant shall take effect upon the
Effective Date. These covenants are conditioned upon the satisfactory performance by
the Settling Federal Agencies of their obligations under this Consent Decree. This
covenant extends only to the Settling Federal Agencies and does not extend to any other
person.

## IX.    RESERVATIONS OF RIGHTS BY THE UNITED STATES AND THE COMMONWEATLH OF VIRGINIA

19.    <u>General Reservations</u>. The United States and the Commonwealth reserve, and
this Consent Decree is without prejudice to, all rights against FMC with respect to all matters not
expressly included within Section VIII (Covenants by Plaintiffs). Notwithstanding any other

- 17 -

provision of this Consent Decree, the United States and the Commonwealth reserve all rights

against FMC with respect to:

      a.     liability for failure of FMC to meet a requirement of this Consent Decree;

      b.     liability for injunctive relief or administrative order enforcement under

Section 106 of CERCLA, 42 U.S.C. § 9606;

      c.     liability under CERCLA Section 107(a)(4)(A), 42 U.S.C. § 9607(a)(4)(A),

for costs of removal or remedial action by the United States or the Commonwealth;

      d.     liability under CERCLA Section 107(a)(4)(D), 42 U.S.C. §9607(a)(4)(D),

for costs of any health assessment or health effects study carried out under 42 U.S.C. §

9604(i);

      e.     liability for any other damages or costs incurred or to be incurred by the

United States or the State that are not within the definition of "Natural Resource

Damages";

      f.     liability arising from any disposal or arrangement for disposal of

hazardous substances at the Site by FMC that occurs after the lodging of this Consent

Decree; and

      g.     criminal liability.

Notwithstanding the foregoing, nothing in this Consent Decree shall affect any liability

release or covenant not to sue provided to FMC in the following settlement agreements

between FMC and the United States relating to the Site: the July 18, 1991 Settlement

Agreement between FMC and the United States on behalf of the National Aeronautics

and Space Administration, the Department of Defense, and the Department of the Air

Force; the September 15, 1992 Settlement Agreement between FMC and the United

- 18 -

States on behalf of the Department of Commerce (*FMC Corporation v. United States*,
Civ. No. 90-1761 (E.D. Pa., final judgment entered Sept. 17, 1992, Stipulation and Order
entered Sept. 16, 1992); or the Consent Decree between FMC and the United States on
behalf of EPA in *United States v. FMC Corporation*, Civ. No. 5:99cv00054 (W.D. Va.,
entered Oct. 21, 1999).

20.    Special Reservations Regarding Natural Resource Damages.  Notwithstanding
any other provision of this Consent Decree, if conditions are discovered or information is
received relating to the Site that is not known to, or reasonably ascertainable by, the Federal
Trustee or State Trustee at the time of lodging this Consent Decree, and these conditions and/or
information, together with any other relevant information, indicate that releases of hazardous
substances from the Site have resulted in injury to, destruction of, or loss of Natural Resources of
a type that was not known to, or reasonably ascertainable by, or of a magnitude significantly
greater than was known to, or reasonably ascertainable by, the Trustees or Trustee as of the date
of lodging of this Consent Decree, then the United States and the Commonwealth each reserve
the right to institute proceedings against FMC, and the Commonwealth reserves the right to
institute proceedings against the Settling Federal Agencies, in this action or in a new action
seeking recovery of Natural Resource Damages.  For purposes of this Paragraph, information
and conditions known to, or reasonably ascertainable by, the Trustees relating to the Site as of
the date of lodging of this Consent Decree shall include any information or conditions identified
or referenced in records in the possession of or under the control of, or that otherwise were
known to, DOI, EPA, or the Commonwealth as of the date of lodging of this Consent Decree.
The following are not sufficient to institute proceedings in this action or a new action under this
Paragraph:  (a) an increase in the Federal or State Trustee's assessment of a previously known or

- 19 -

reasonably ascertainable injury to, destruction of, or loss of Natural Resources due solely to

changes to Trustee assessment methodologies or general scientific literature; or (b) injury to,

destruction of, or loss of Natural Resources arising from the re-exposure, resuspension, or

migration by natural causes or due to entities other than FMC of hazardous substances previously

released or discharged at or from the Site and known to be present in the sediments, soils, or

groundwater as of the date of lodging of this Consent Decree.

## X.    COVENANTS NOT TO SUE BY FMC AND SETTLING FEDERAL AGENCIES

21.    FMC covenants not to sue and agrees not to assert any claims or causes of action

against the United States and the Commonwealth or their contractors or employees with respect

to Natural Resource Damages or this Consent Decree, including but not limited to:

a.    any direct or indirect claim for reimbursement of any payment for Natural

Resource Damages from the Hazardous Substance Superfund based on Sections

106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611,

9612, or 9613, Section 311(f)(4)&(5) of the CWA, 33 U.S.C. § 1321(f)(4)&(5), or any other

provision of law; and

b.    any claim against the United States or the Commonwealth pursuant to

Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, or Section 311(f)(4)&(5)

of the CWA, 33 U.S.C. § 1321(f)(4)&(5), relating to Natural Resource Damages.

22.    The Settling Federal Agencies agree not to assert:

a.    any direct or indirect claim for reimbursement of any payment for Natural

Resource Damages from the Hazardous Substance Superfund against FMC or the

Commonwealth based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42

- 20 -

U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, Section 311(f)(4)&(5) of the CWA, 33
U.S.C. § 1321(f)(4)&(5), or any other provision of law with respect to the Site and this
Consent Decree; and

      b.     any claim against FMC or the Commonwealth pursuant to Sections 107 or
113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, or Section 311(f)(4)&(5) of the CWA, 33
U.S.C. § 1321(f)(4)&(5), relating to Natural Resource Damages with respect to the Site
and this Consent Decree.

23.     Except as provided in Paragraph 29 (Waiver of Res Judicata and Other Defenses),
these covenants shall not apply in the event that the United States and/or the Commonwealth
brings a cause of action or issues an order against FMC or the Settling Federal Agencies pursuant
to the reservations set forth in Paragraph 20 (Special Reservations Regarding Natural Resource
Damages), but only to the extent that, in response, FMC or the Settling Federal Agencies bring a
claim within the scope of the same cause of action that the United States and/or the
Commonwealth is bringing pursuant to the applicable reservation.

24.     Nothing in this Consent Decree shall be deemed to constitute approval or
preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or
40 C.F.R. § 300.700(d).

## XI.    EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

25.     Nothing in this Consent Decree shall be construed to create any rights in, or grant
any cause of action to, any person not a Party to this Consent Decree. Each of the Parties
expressly reserves any and all rights (including, but not limited to, any right to contribution),
defenses, claims, demands, and causes of action they each may have with respect to any matter,
transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

- 21 -

26.     The Parties agree, and by entering this Consent Decree this Court finds, that: this
Consent Decree constitutes a judicially approved settlement pursuant to which FMC has resolved
the liability alleged in Plaintiffs' Complaint in this action; the Settling Federal Agencies have
resolved potential liability within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C.
§ 9613(f)(2); and each Party is entitled to protection from contribution actions or claims as
provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in
this Consent Decree. The "matters addressed" in this Consent Decree are Natural Resource
Damages; provided, however, that if a Plaintiff exercises rights under the reservations pursuant
to Paragraph 20 (Special Reservations Regarding Natural Resource Damages), the "matters
addressed" in this Consent Decree will no longer include those Natural Resource Damages that
are within the scope of the exercised reservation.

27.     The Parties agree, and by entering this Consent Decree this Court finds, that each
of FMC and the United States is entitled, as of the Effective Date, to protection from contribution
actions or claims for matters addressed as provided by CERCLA Section 113(f)(2), 42 U.S.C. §
9613(f)(2), and as provided by Commonwealth law.

28.     FMC agrees that it will notify the Trustees and DOJ in writing no later than 60
days before bringing a suit or claim for contribution for Natural Resource Damages against any
entity not a party to this Consent Decree. FMC also agrees that it will notify the Trustees and
DOJ in writing within 10 days of service of a complaint or claim upon FMC relating to a suit or
claim for contribution for Natural Resource Damages for this Site. In addition, FMC will notify
the Trustees and DOJ within 10 days of service or receipt of any motion for summary judgment
and within 10 days of receipt of any order from a court setting a case for trial for matters related
to the allegations in the Complaint and/or addressed in this Consent Decree.

- 22 -

29.    <u>Waiver of Res Judicata and Other Defenses</u>.  In any subsequent administrative or judicial proceeding initiated by the United States or the Commonwealth for injunctive relief, recovery of response costs, or other appropriate relief other than Natural Resource Damages, FMC (and, with respect to an action filed by the Commonwealth, the Settling Federal Agencies) shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States or the Commonwealth in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section VIII (Covenants by Plaintiffs).

## XII.    RETENTION OF RECORDS

30.    Until five years after the Effective Date, FMC shall preserve and retain all non-identical copies of records and documents (including records or documents in electronic form) now in its possession or control, or that come into its possession or control, that relate in any manner to its liability, or to the potential liability of any other person, under CERCLA with respect to the Site. Each of the above record retention requirements shall apply regardless of any corporate retention policy to the contrary.

31.    <u>Privileged and Protected Claims</u>.  FMC may assert that certain documents, records, and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If FMC asserts such a privilege, it shall provide Plaintiffs with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the

- 23 -

subject of the document, record, or information; and (6) the privilege asserted by FMC.

However, no factual documents, reports, or other information created or generated pursuant to

the requirements of this Consent Decree, or any data regarding the Site, including, but not

limited to, all sampling, analytical, monitoring, scientific, chemical, or engineering data, or the

portion of any other record that relates to the Site or conditions within or around the Site, shall be

withheld on the grounds of privilege.

32.     After the conclusion of the record retention period in the preceding Paragraph,

FMC shall notify DOI, DOJ, and the Commonwealth at least 90 days prior to the destruction of

any such records, and, upon request by DOI, DOJ, or the Commonwealth, except if FMC asserts

a privileged and protected claim pursuant to paragraph 31, FMC shall deliver any such records to

DOI or the Commonwealth.

33.     FMC certifies that, to the best of its knowledge and belief, after thorough inquiry,

it has not altered, mutilated, discarded, destroyed, or otherwise disposed of any records (other

than identical copies) relating to its potential liability regarding the Site since notification of

potential liability by any Trustee.

34.     The United States acknowledges that the Settling Federal Agencies (a) are subject

to all applicable Federal record retention laws, regulations, and policies; and (b) have certified

that they have fully complied with any and all EPA and Commonwealth requests for information

regarding the Site pursuant to Sections 104(e) and 122(e)(3)(B) of CERCLA, 42 U.S.C.

§§ 9604(e) and 9622(e)(3)(B), and Commonwealth law.

## XIII.    NOTICES AND SUBMISSIONS

35.     Whenever notice is required to be given or a document is required to be sent by

any of the Plaintiffs, FMC, or the Settling Federal Agencies to another under the terms of this

- 24 -

Consent Decree, it will be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other parties in writing. Written notice as specified constitutes complete satisfaction of any written notice requirement of the Consent Decree for Plaintiffs, FMC, and the Settling Federal Agencies.

36.     Notices and documents submitted pursuant to this Section shall be deemed submitted upon sending by mail or email, with a preference for email, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

37.     Notice or submission to "Plaintiffs" shall mean notice or submission to the United States (both DOJ and DOI) and the Commonwealth.

38.     Notice or submission to the "Trustees" shall mean notice or submission to DOI and the Commonwealth.

| | |
|---|---|
| As to DOJ by email (preferred): | eescdcopy.enrd@usdoj.gov<br>Re: DJ #90-11-3-10912 |
| As to DOJ by mail: | EES Case Management Unit<br>Environment and Natural Resources Division<br>U.S. Department of Justice<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Re: DJ #90-11-3-10912 |
| As to DOI by email (preferred): | Amy.hanley@sol.doi.gov |
| As to DOI by mail: | Amy Horner Hanley<br>Senior Attorney-Advisor<br>Environmental Restoration Branch<br>Office of the Solicitor<br>U.S. Department of the Interior<br>1849 C St, N.W.<br>Washington, DC 20240 |

As to the Commonwealth of Virginia by email (preferred):

Melanie.Davenport@deq.virginia.gov

- 25 -

As to the Commonwealth of Virginia by mail:

> Director, Division of Cross Media Programs
> Virginia Department of Environmental Quality
> 1111 East Main Street, Suite 1400
> Richmond, Virginia 23219

As to FMC Corporation by email (preferred):

> Michael.reilly@fmc.com

As to FMC Corporation by mail:

> Michael Reilly
> Executive VP, General Counsel & Secretary
> FMC Corporation
> 2929 Walnut Street
> Philadelphia, PA 19104

As to the Settling Federal Agencies by email (preferred):

> Laura Glickman
> United States Department of Justice
> Environmental Defense Section
> MailProcessing_EDS.ENRD@usdoj.gov

As to the Settling Federal Agencies by mail:

> Laura Glickman
> United States Department of Justice
> Environmental Defense Section
> P.O. Box 7611
> Washington, DC 20044-7611

## XIV.   EFFECTIVE DATE

39.    The Effective Date of this Consent Decree shall be the date upon which the

approval of this Decree is recorded on the Court's docket.

## XV.   RETENTION OF JURISDICTION

40.     This Court shall retain jurisdiction over this case, until termination of this Consent

Decree, for the purposes of interpreting and enforcing the terms of this Consent Decree.

## XVI.   INTEGRATION

41.     This Consent Decree constitutes the final, complete, and exclusive agreement and

understanding with respect to the settlement embodied in this Consent Decree. The Parties

acknowledge that there are no representations, agreements, or understandings relating to the

settlement other than those expressly contained in this Consent Decree.

## XVII.   MODIFICATION

42.     No material modifications shall be made to any requirement under this Consent

Decree without written notification to and written approval of the Plaintiffs, FMC, the Settling

Federal Agencies, and the Court. Modifications to the Consent Decree that do not materially

alter the terms of this Consent Decree may be made by written agreement among the Plaintiffs,

FMC, and the Settling Federal Agencies.

## XVIII.   TERMINATION

43.     This Consent Decree shall terminate upon written notice, made in accordance

with Section XIII (Notices and Submissions), by FMC and the Settling Federal Agencies to all

Plaintiffs that all payments required under Section VI have been made, all other applicable

requirements of this Consent Decree have been fulfilled, and subsequent written notice by the

United States confirming the performance by FMC and Settling Federal Agencies of their

payment and notification obligations under this Consent Decree. Such notice by the United

States shall be sent within 45 calendar days of receipt by all Plaintiffs of the required payments

and notice from FMC and the Settling Federal Agencies. If the United States fails to send such

notice, this Consent Decree shall terminate automatically on the 46th day following receipt by all Plaintiffs of the required payments and notice from FMC and the Settling Federal Agencies. The following provisions of this Consent Decree shall remain enforceable notwithstanding termination of this Consent Decree: Section VIII ("Covenants Not to Sue by the Plaintiffs"); Section IX ("Reservation of Rights by the United States and the Commonwealth of Virginia"); Section X ("Covenants Not to Sue by FMC and Settling Federal Agencies"); Section XI ("Effect of Settlement/Contribution Protection"); and Section XII ("Retention of Records").

### XIX.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

44.    This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. Plaintiffs reserve the right to withdraw or withhold their consent if comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. FMC consents to the entry of this Consent Decree without further notice and agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Consent Decree, unless Plaintiffs have notified FMC in writing that they no longer support entry of the Consent Decree.

45.    If for any reason the Court should decline to approve this Consent Decree in the form presented, or if approval and entry is subsequently vacated on appeal of such approval and entry, the agreement represented by this Consent Decree is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

### XX.    SIGNATORIES/SERVICE

46.    The undersigned representatives of FMC, the United States, and the Commonwealth each certify that he or she is fully authorized to enter into the terms and

- 28 -

conditions of this Consent Decree and to execute and legally bind such Party to this document. This Consent Decree may be executed in multiple counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute one and the same instrument.

47.     FMC shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail or email on behalf of FMC with respect to all matters arising under or relating to this Consent Decree. FMC hereby agrees to accept service by either mail or email with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court including, but not limited to, service of a summons. FMC need not file an answer to the Complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XXI.    FINAL JUDGMENT

48.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree will constitute the final judgment between and among the United States, the Commonwealth of Virginia, and FMC. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 24 DAY OF June ~~2024~~ 2025

_____

United States District Judge

- 29 -

Signature Page for Consent Decree in United States of America and the Commonwealth of
Virginia, Secretary of Natural and Historic Resources v. FMC Corporation:

**FOR THE UNITED STATES OF AMERICA:**

> **TODD KIM**
> **Assistant Attorney General**
> **Environment and Natural Resources Division**

> /s/ Jeanne T. Cohn
> Jeanne T. Cohn
> Nicholas Morales
> Environmental Enforcement Section
> Environment and Natural Resources Division
> U.S. Department of Justice
> P.O. Box 7611
> Washington, D.C. 20044-7611
> (202) 514-4160
> Jeanne.cohn@usdoj.gov

> CHRISTOPHER KAVANAUGH
> United States Attorney

> /s/ Laura Day Taylor
> Assistant United States Attorney
> VA Bar #94021
> IL Bar #6289334
> United States Attorney's Office
> 310 First Street
> Roanoke, VA 24011
> T: (540) 857-2976
> Laura.taylor@usdoj.gov

- 30 -

Signature Page for Consent Decree in United States of America and the Commonwealth of
Virginia, Secretary of Natural and Historical Resources v. FMC Corporation:


/s/ Laura Glickman

Laura Glickman
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611(202) 514-6390
laura.glickman@usdoj.gov

- 31 -

Signature Page for Consent Decree in <u>United States of America and the Commonwealth of Virginia, Secretary of Natural and Historical Resources v. FMC Corporation</u>:

FOR THE COMMONWEALTH OF VIRGINIA

Date:

Katherine E. Kulbok
Assistant Attorney General

Office of the Attorney General
202 North 9th Street
Richmond, VA 23219
(804) 225-3643 – telephone
(804) 786-2650 – facsimile
kkulbok@oag.state.va.us

Signature Page for Consent Decree in <u>United States of America and the Commonwealth of Virginia, Secretary of Natural and Historical Resources v. FMC Corporation</u>:

FOR FMC CORPORATION

Date:

_____
Signature

Typed Name:     THAISA HUGENNEYER

Title:          EXECUTIVE VICE-PRESIDENT

Address:        2929 WALNUT STREET

                PHILADELPHIA, PA 19104

Email:          THAISA.HUGENNEYER@FMC.COM

Phone:          215.299.6424

- 33 -